## CARO REALTY COMPANY *v.* BLUMENTHAL.

1. A petition in equity by a resident of this State against two corporations resident of Florida, to require production and cancellation of a note and security deed deposited with one of them in trust and in escrow, alleging that the covenants had been performed and the object of the deposit in trust accomplished, and that the depositary refused to surrender the note and deed without an order from the other defendant, which on demand refused to give such order, set forth a right of action against both, and no separable controversy between the plaintiff and the defendant last referred to.

2. As the depositary defendant did not join in an application by the other to remove the cause to the Federal court on the ground of diverse citizenship, and as there was no separable controversy, it was not error to refuse the application.

          No. 5877.   FEBRUARY 25, 1928.

Petition to remove cause. Before Judge Meldrim. Chatham superior court. December 6, 1926.

*Adams, Adams & Douglas,* for plaintiff in error.

*Lawrence & Abrahams,* contra.

ATKINSON, J. Ellis Blumenthal and Samuel Kraft, as assignees of a contract for lease of a hotel, became bound to the Caro Realty Company (a corporation), assignor, by covenants contained in the instrument of assignment, to pay any actual damages that might be sustained by the original lessor or his assigns by reason of breach of certain covenants assumed by the assignees in said instrument of assignment. As a guaranty for performance of the covenants so assumed by the assignees, Samuel Blumenthal, father of Ellis, executed a promissory note for $33,000 in favor of the Caro Realty Company, and a deed to realty in Chatham County, Georgia, as security for the note. The note and deed contained recitals showing that they were made to create and secure said

Removal of Causes, 34 Cyc. p. 1281, n. 24.

guaranty.   Subsequently Samuel Blumenthal instituted an equitable action in the superior court of Chatham County against Caro Realty Company and Meyer-Kiser Corporation.   The petition alleges that the petitioner is a resident of the State of Georgia, and both defendants are residents of the State of Florida; that the note and deed "were placed in escrow under an agreement with Meyer-Kiser Corporation," and they "are now held in escrow by said corporation;" that the covenants have been performed, and the purpose of the security accomplished; that the papers operate as a cloud upon petitioner's title to the realty, and otherwise to his injury; that petitioner "has demanded" return of the papers from Meyer-Kiser Corporation "for cancellation," but that corporation has refused to surrender the same, claiming "that it is a mere depository holding the same in escrow, . . without authority to return . . the same . . without an order . . from the said Caro Realty Company;" that petitioner "has demanded" from Caro Realty Company "a cancellation" of said note and security deed, "or an order upon said Meyer-Kiser Corporation for the return" of said papers, but said Caro Realty Company refuses the demand.   There are prayers for service upon both defendants by publication, and that they be "required to deliver up, for cancellation, . . the note and deed to secure debt, . . and that petitioner's liability thereon be declared at an end;" and for general relief.

The defendants were duly served by publication.   At the first term the Caro Realty Company alone appeared specially, by filing a petition and giving bond for removal of the cause to the District Court of the United States for the Southern District of Georgia, Savannah Division, on the grounds that the "suit is a controversy wholly between citizens of different States," and that "there is a separable controversy between the plaintiff Blumenthal and your petitioner, the Caro Realty Company."   Objections to removal were filed, upon the grounds:   (a) Because the original petition shows that the alleged cause of action is against the defendants jointly, and there is no separable controversy between the plaintiff and the Caro Realty Company; this ground of objection being on the basis that the alleged cause of action is in the nature of a joint equitable action to clear or remove a cloud upon title to land, by cancellation of the papers held in escrow that had become void by reason of ac-

complishment of the purposes for which they had been given; and that the Meyer-Kiser Corporation "is a necessary party essential to the relief sought," that company "being in the nature of a trustee and holding a fiduciary relationship to the parties and to the subject-matter of the controversy, and in possession of" the papers alleged to be a cloud on plaintiff's title. (b) Because the petition for removal is not filed jointly by both defendants, nor is there a petition for removal filed by the Meyer-Kiser Corporation. (c) Because the record does not show a right of removal upon any ground. The objections were sustained, and the petition for removal denied. The exception is to that judgment.

1. Properly construing the petition, the object of the action was to require physical production of the note and deed in court, and their cancellation as a cloud upon plaintiff's title, in order that they may not be vexatiously or injuriously used against him. The papers were in physical possession of the defendant Meyer-Kiser Corporation, held in the nature of a trust for Blumenthal and Caro Realty Company, to await the result of the transaction to which the guaranty related, and to be enforceable in event of breach of the covenant, but, if such event should not occur, then to be surrendered to the maker. The Meyer-Kiser Corporation being in physical possession of the papers, though owing duties to Caro Realty Company and Blumenthal, was in position conjunctively with the former to hold the papers vexatiously and injuriously to the latter. If the object of the trust has been accomplished, and the Meyer-Kiser Corporation will not surrender possession to Blumenthal without the consent of Caro Realty Company, and the latter will not give such consent, such concurrent refusals will amount in substance to co-operative action between them to deprive Blumenthal of his property. In such circumstances Blumenthal's right is against both, and both are necessary parties to the grant of full relief; and consequently there is no separable controversy between Blumenthal and Caro Realty Company.

2. As a general rule, where removal to the Federal court of a cause pending in a State court is sought on the ground of diverse citizenship, and there is no separable controversy, all the defendants must join in the petition for removal. 23 R. C. L. 731, § 116. As there was no separable controversy in this case, and the defendant Meyer-Kiser Corporation did not petition for removal, the judge

did not err in refusing to grant the separate application of the Caro Realty Company for removal, although both defendants reside in a different State from that of the plaintiff's residence.

*Judgment affirmed. All the Justices concur.*